UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JASON L. PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )   Civil Action No.  SA-12-CA-00263-XR |
| | ) |
| BRETT BEAMEANT, Warden, GEO | ) |
| Central Texas Detention, LOUIS | ) |
| ESQUABELL, Medical Dept., HSA, | ) |
| GEO Central Texas Detention, | ) |
| | |
| Defendants. | |

**ORDER**

On this date, the Court considered the United States Magistrate Judge's Memorandum and Recommendation (docket no. 24) filed June 5, 2012, in the above-numbered and styled case, and Jason L. Perry's, Petitioner, written objections (docket no. 26).  The Magistrate Judge recommends that Perry's lawsuit be dismissed for failing to properly allege an essential element of a § 1983 claim.  After due consideration, this Court accepts the Magistrate Judge's recommendation and dismisses the suit.

**Background**

Jason Perry, an inmate currently in the custody of the Bureau of Prisons, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that he contracted Hepatitis B during an interim stay at GEO Group, Inc.'s ("GEO") Central Texas Detention Facility ("CTDF").  Perry stayed at GEO from July 31, 2009 through June 25, 2010 while awaiting  trial in federal court.  He

eventually pled guilty on two counts of bank fraud and, on April 29, 2010, was sentenced to serve forty-five months in a federal correctional facility.

Perry contends that he contracted Hepatitis B as a result of Defendants' failure to keep the facility clean and by allowing inmates infected with the virus to work in the food service department.  Perry claims that his medical records and testimony from medical staff can establish that he became infected with Hepatitis B while incarcerated at GEO.  Perry also alleges that Defendant Esquabell failed to inform him that he contracted Hepatitis B.

## Legal Standard

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendations.  28 U.S.C.A. § 636(b)(1) (West 2006 & Supp. 2012). When a party objects to a Magistrate Judge's report and recommendation, the district court is required to conduct a *de novo* review of those portions of the report to which a party has specifically objected.  *See* 28 U.S.C.A. § 636(b)(1) (West 2009) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations  to which objection is made.").

Rule 12(b)(6) provides that a pleading  may be dismissed for failing to state a claim upon which relief can be granted or for failing to establish an essential element of the claim. FED. R. CIV. P. 12(b)(6).  When the district court reviews the sufficiency of the pleading, "the factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  And while all facts and inferences

contained in the pleading must be construed in the light most favorable to the claimant, the district court is not required to accept as true "legal conclusion[s] couched as factual allegations." *Id*.  A pleading will not survive dismissal if it merely alleges an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

**Magistrate Judge's Memorandum and Recommendation and Plaintiff's Objections**

Magistrate Judge Primomo's Memorandum and Recommendation, dated June 5, 2012, recommended dismissal of Perry's complaint.  First, the Magistrate Judge concluded that to the extent Perry alleges a claim pursuant to § 1983, his claim fails because the Defendants in this case are not state actors, but rather employees of a federal facility operated by a private company.  Second, the Magistrate Judge concluded that Perry could not assert a *Bivens* cause of action against Defendants because United States Supreme Court precedent precludes *Bivens* claims against employees of private companies who have contracted with the federal government.[1]

Perry submitted multiple written objections to the Magistrate Judge's report and findings. First, Perry asserts that the Magistrate Judge erroneously concluded that Defendants are not state actors for purposes of § 1983.[2]  Perry argues that the Magistrate Judge incorrectly

---

[1]*See* Magistrate Judge Memorandum and Recommendation, at 3-4 (citing *Minneci v. Pollard*, 132 S. Ct. 617, 181 L. Ed. 2d 606 (2012)).

[2]Perry indirectly addresses this specific aspect of the Magistrate Judge's report in many of his written objections.  *See* Written Objections 1, 3, 4, 8, & 10.

relied on case law distinguishable from Perry's claim on the basis of injury to the inmate.[3] Instead, Perry directs this Court to the United States Supreme Court's decision in *Helling v. McKinney*, 509 U.S. 25, 113 S. Ct. 2475 (1993), where the Court held that a state prisoner may file a § 1983 claim for violation of the Eighth Amendment by alleging that prison officials have, with deliberate indifference, exposed him to a serious communicable disease that poses an unreasonable risk of serious damage to the prisoner's future health.

Second, Perry asserts that he is entitled to allege a cause of action against Defendants in their official capacity as federal employees under the *Bivens* doctrine. According to Perry, the Defendants' deliberate indifference toward GEO's unsanitary facility and infected food service workers gives rise to an Eighth Amendment *Bivens* claim for damages.[4]

Lastly, Perry asserts several additional objections that are not relevant to this Court's review: (1) the lawsuit must proceed because the proper venue is the United States District Court for the Western District of Texas; (2) Defendants' conduct allegedly violated the Texas Health & Safety Code pertaining to the food service industry; and (3) the lawsuit should proceed because it is brought in good faith.[5]

---

[3]The Magistrate Judge relied on *Somie v. GEO Group, Inc.*, 5:05-CT-3142-FL, 2011 WL 4899692, at *4 (E.D.N.C. 2011) to conclude that "employees of GEO, which houses federal prisoners, are not State actors." According to Perry, *Somie* is not relevant because the *Somie* inmate alleged defendants refused to provide them with a diet that complied with their religious beliefs, whereas here, Perry alleges that Defendants' negligence gave rise to complications of his health.

[4]*See* Written Objection 9.

[5]See Written Objections 2, 5, & 7.

**Analysis**

With regard to Perry's objection that he is entitled to seek relief under § 1983, this Court examined the entire record and made an independent assessment of the law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). As a prerequisite to liability under § 1983, the allegation must demonstrate that the defendant's "conduct allegedly causing the deprivation of a [constitutional] right be fairly attributable to the state." *Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 475 U.S. 922, 937, 102 S. Ct. 2744)).

The Magistrate Judge concluded that GEO employees are not state actors for purpose of § 1983. The Court agrees. Perry has failed to establish that the Defendants' conduct, which allegedly exposed him to Hepatitis B, is fairly attributable to the state. *Lugar*, 475 U.S. at 937. Indeed, Perry acknowledges that GEO is a "contract facility for the U.S. government." As such, Defendants are not state officials, state employees, or even independent contractors in service of the state government. *Cf. Holly v. Scott*, 434 F.3d 287, 291-92 (4th Cir. 2006) (finding that GEO employees are not federal officials, federal employees, or even independent contractors in the service of the federal government). Moreover, nothing in the record suggests that any "State or Territory or the District of Columbia," has a stake, financial or otherwise, in GEO. *See* § 1983. Furthermore, Perry's allegations do not suggest that any state policy could be responsible for Defendants' failure to provide adequate food and health care

-5-

services.  *See Holly*, 434, F.3d at 292-93.

Additionally, Perry's reliance on *Helling* is misplaced.  *Helling* involved a state prisoner asserting a § 1983 claim against state prison officials.  *See Helling v. McKinney*, 509 U.S. 25, 113 S. Ct. 2475 (1993).  In contrast, Perry is an inmate at a federal prison attempting to assert a § 1983 claim against a private corporation and its employees.  Section 1983 extends liability only to defendants whose conduct is fairly attributable to the state and does not allow Perry to impose constitutional liability on Defendants.  *See Lugar*, 475 U.S. at 937 (recognizing that absent the state action doctrine "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them").  Thus, this Court agrees with the Magistrate Judge's findings and adopts the recommendation that Perry's claim be dismissed for failing to allege an essential element of a § 1983 claim.

With regard to Perry's objection that he is entitled to assert a *Bivens* claim, this Court conducted a *de novo* review of the record and the applicable law.  The *Bivens* doctrine recognizes that a constitutional violation by a federal agent gives rise to a cause of action to recover damages against the official in federal court despite the absence of any statute conferring such a right. *Carlson v. Green*, 446 U.S. 14, 18, 100 S. Ct. 1468 (1980); *See also Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 389, 91 S. Ct. 1999 (1971).

Here, Perry argues that he is entitled to assert an Eighth Amendment *Bivens* claim for damages because the Defendants, who are employed by a private contractor, allegedly acted with deliberate indifference by knowingly allowing inmates infected with Hepatitis B to prepare and

-6-

serve food as workers in the prison facility's food service department.  However, the Supreme Court recently held that a prisoner could not assert an Eighth Amendment *Bivens* claim against private prison officials who allegedly failed to provide adequate medical care.  *Minneci v. Pollard*, 132 S. Ct. 617, 181 L. Ed. 2d 606 (2012).   The *Minneci* court declined to extend *Bivens* under these circumstances primarily because the prison officials' failure to provide adequate medical care fell within the scope of traditional tort law.  *Id.* at 623.   The Court reasoned that in the case of a privately employed defendant, "state tort law provides an alternative, existing process capable of protecting the constitutional interests at stake."  *Id.*

The Defendants' alleged conduct in this case is within the purview of traditional state tort law.  *Id.*   As noted by the Magistrate Judge, Perry essentially alleged that Defendants acted negligently in two ways: (1) by allowing employees infected with Hepatitis B to work in the prison facility's food service department; and (2)  by failing to provide Perry adequate medical care after he contracted Hepatitis B.  Like the *Minneci*  petitioner that alleged private prison employees deprived him of adequate medical care, Perry's allegations implicate ordinary negligence which falls within the scope of traditional state tort law.[6]  Accordingly, Perry has access to an "alternative, existing  process" sufficient to protect his constitutional interests. *Minneci*, 132 S. Ct. 617.  Therefore, this Court agrees with the Magistrate Judge's report that the Supreme Court's holding in *Minneci* prevents Perry from asserting an Eighth Amendment *Bivens*

---

[6]In the proper circumstances, Texas state tort law imposes general tort duties of reasonable care on private employees of companies that manage institutional facilities located inside the state. *See Minneci*, 132 S. Ct. 617;  *See also Texas Home Mgmt. v. Peavy*, 89 S.W.3d 30, 33-4 (Tex. 2002) (reviewing the question whether to impose a duty of care on employees of the management company that provided resident services for mental health facility).

claim against Defendants.[7]

Perry's objection to venue, the assertion that Defendants' conduct violated the Texas Health Code, and the assertion that the lawsuit is entitled to proceed because it is brought in good faith, may be summarily dismissed because these objections are not made to the Magistrate Judge's finding that Defendants are not state actors. *See* 28 U.S.C. § 636 (b)(1) (West 2006 & Supp. 2012) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made.").

## CONCLUSION

After reviewing the report and conducting an independent assessment the law, this Court accepts the Magistrate Judge's proposed findings and adopts the recommendation that the lawsuit be dismissed.

SIGNED this 10th day of July, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[7]To the extent that Plaintiff is alleging a state negligence claim in his pro se complaint, Plaintiff fails to establish that the Court has diversity jurisdiction to hear the negligence claim.